UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                          Case No.:    2:24-cr-164-SPC-DNF

GLENN V. BAILEY

_____

## ORDER

Before the Court is Defendant Glenn V. Bailey's Motion to Convert Home Detention Period to Standard Probation.  (Doc. 50).  In the motion, Defendant asks the Court to convert the remaining home detention period and order him to complete the remaining probation period under current conditions.

Opposing the motion, the Government explains that for over a decade, Defendant "abused his position and stifled competition by rigging bids for commercial roofing projects in Florida, cheating unsuspecting and vulnerable customers and businesses who needed roofing services in a hurricane-prone area." (Doc. 53 at 1).  Further, Defendant led the company, recruited others to the conspiracy and trained them, and chastised subordinates who tried to be honest with customers.

Defendant pled guilty to one count of conspiring to restrain trade, 15 U.S.C. § 1, and received a sentence of one year of home detention followed by

a year of standard probation.[1]  (Doc. 38).  The Court imposed a criminal monetary penalty of $1 million and a $100 special assessment.  At his sentencing, Defendant lacked remorse.  Even worse, the Court found that he "minimized" his conduct.  (Doc. 44).

Now, Defendant states that he has fully satisfied the financial obligations of his sentence and has served approximately 256 days of his 365-day home detention period.  (Doc. 50 at 2).  He claims to be "extremely remorseful" and appreciates the severity of his conduct.  (*Id.*).  Because he has substantially completed home detention, satisfied his monetary and restitution obligations, and complied with probation's terms, he asks that the Court convert the remaining home detention period and order him to complete the remaining probation period under current conditions.

Under 18 U.S.C. § 3563(c),

> [t]he court may modify, reduce, or enlarge the conditions of a sentence of probation at any time prior to the expiration or termination of the term of probation, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the conditions of probation.

---

[1] At the time of sentencing, United States District Judge Thomas P. Barber was the presiding district judge.  This case was recently reassigned to the undersigned.  (Doc. 51).

After considering the law against the record, the Court denies the motion.  First, both the United States Probation Office and the Government oppose the motion.  (Doc. 53 at 1).  But even if they did not, the Court would nevertheless deny it.  Defendant's leadership role in the conspiracy and his lack of remorse at sentencing weigh against converting his sentence as requested.   Additionally, the Government points out that the advisory sentencing guidelines range for Defendant was eight to fourteen months' imprisonment, with a statutory maximum of ten years.  Defendant's sentence was much more lenient than the advisory guidelines range.  And as of the date of this Order, he has served only approximately 270 days of the 365-day home detention period.  Under these circumstances, the Court finds that Defendant has provided no reason warranting modification of the discretionary condition of probation.

Accordingly, it is **ORDERED**:

Defendant Glenn V. Bailey's Motion to Convert Home Detention Period to Standard Probation (Doc. 50) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on February 9, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

3